Attorneys—H. W. Koons for Henegan; B. F. Sapp for Village; both of Mt. Vernon.

---

No. 344
PODNER v. STATE
Ohio Appeals, 5th Dist., Stark Co.
Decided Dec. 9, 1922.

1252. WARRANT—For search of dwelling not necessary when officer is admitted without exercise of force.

1071. SEIZURE—Without a search warrant, of liquor in a dwelling, raises no constitutional question, as owner entitled to no protection.

HOUCK, J.

A deputy sheriff demanded admittance to the house in which Thomas Podner lived. The deputy was seeking information regarding a disturbance at the Mapleton Clay Products Plant. Podner opened the door and the deputy, upon entering the house, smelled liquor at once. He saw a number of drunken persons in the house and also several jugs of whisky. The whisky was taken away and used in evidence at the trial in the Stark Common Pleas, wherein Podner was convicted of unlawfully having in his possession intoxicating liquor, and was fined $1,000.

Error was prosecuted and the main question raised by Podner in the Court of Appeals was: whether or not officers may, without a search warrant, enter a dwelling house, search the same and seize the evidence of an offense? The Court of Appeals held:

1. The liquor, being unlawfully possessed, the place where found ceased to be a bona fide private residence, and hence no search warrant was required in order for an officer to legally enter the house. 2612-27 GC.

2. If Podner was lawfully possessed of liquor he had a right to show same as a matter of defense, but he did not.

3. Protection given to private dwellings under Art. 1 Sec 14 Ohio Constitution is not applicable here, and therefore no constitutional question is raised.

Attorneys—Joheph M. Blake for Podner; C. B. McClintock for State; both of Canton.

---

No. 345
DILLMAN et v WODE et
Ohio Appeals, 1st Dist., Hamilton Co.
No. 2448. Decided July 14, 1924.

997. REAL ESTATE—Contract for, stipulating liquidated damages in case of breach, is valid and parties will be held thereto.

CUSHING, J.

Pauline Dillman entered into a written contract to sell some real estate to August Wode for $25,250. At delivery of contract, $500 was paid by Wode, who later failed to complete the contract. Dillman filed an action in the Hamilton Common Pleas to recover for breach of contract and alleged that the property in question had depreciated so that she was damaged to the extent of $3,500.

Wode answered and set up a part of the contract which provided in sustance that if the contract was not carried out, the money in the hands of Dillman should be by her retained. Wode claimed that the $500 paid was so retained and it constituted the liquidated damages as stipulated in the contract. Dillman contended that the contract was a printed form of contract and she was therefore not bound by it. Judgment was rendered in favor of Wode, and Dillman prosecuted error. The Court of Appeals held:

1. That part of the contract, which stipulated the liquidated damages, was as much a part of the agreement as any other part of it.

2. That parties may agree upon liquidated damages, in case of a breach of contract to take real estate, has been decided, in Norpac Realty Co. v. Schackne 107 OS, 425.

Attorneys—Powell & Smiley, for Dillman; Wm. J. Schnick, for Wode; all of Cincinnati.